UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT JOHNSON,<br><br>　　　　　Petitioner,<br><br>vs.<br><br>WARDEN CHRISTENSEN,<br><br>　　　　　Respondent. | Case No. 1:21-cv-00342-CWD<br><br>**INITIAL REVIEW ORDER** |

On September 17, 2021, Petitioner Robert Johnson filed a Petition for Writ of Habeas Corpus challenging his state court convictions and sentences. (Dkt. 1.) All named parties have consented to the jurisdiction of a United States Magistrate Judge to enter final orders in this case. (Dkt. 7.)  *See* 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

This is Petitioner's third federal habeas corpus petition. He also filed a "Motion for Leave to File Second or Successive Petition," probably intended for the United States Court of Appeals for the Ninth Circuit, rather than for this Court. (Dkt. 5.) It appears that Petitioner believed it was appropriate to file his successive petition *with* his motion for authorization from the Ninth Circuit Court, but that is not the case. A second or successive petition should not be filed unless authorization has been granted.

Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the

**INITIAL REVIEW ORDER - 1**

petition and any attached exhibits that the petitioner is not entitled to relief in the district court." The Court may also take judicial notice of court dockets from other court proceedings in its review of whether a petitioner may proceed in habeas corpus. Fed. R. Evid. 201(b); *Dawson v Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006).

Upon a review of the docket, the Court finds that Petitioner previously brought a habeas corpus action in this Court challenging the same judgment, Case No. 1:14-cv-00492-EJL, *Johnson v. Blades*. The Court takes judicial notice of that case. The petition in that action was filed on November 19, 2014. (Dkt. 3 in that case.) United States District Judge Edward J. Lodge dismissed the case with prejudice and entered judgment on March 1, 2017. (Dkts. 45, 46 in that case.) The United States Court of Appeals for the Ninth Circuit denied a certificate of appealability in that case. (Dkt. 50 in that case.)

The Court also takes judicial notice that Petitioner filed a second habeas corpus action in 2020, which is Case No. 1:20-cv-00489-REP. Judge Raymond E. Patricco dismissed that case for lack of jurisdiction because it was a second or successive petition filed without authorization from the United States Court of Appeals for the Ninth Circuit. Petitioner was provided with a Ninth Circuit form for requesting authorization for a second or successive petition with the Order of Dismissal in that case. Petitioner completed it and erroneously filed it in the district court, rather than the appellate court.

The law is clear that, *before* an Idaho prisoner can file a second or successive federal habeas corpus petition challenging the same state judgment, he first must obtain authorization from the United States Court of Appeals for the Ninth Circuit. 28 U.S.C. § 2244(b)(3)(A). A habeas petition is considered "second or successive" if the first petition

**INITIAL REVIEW ORDER - 2**

was dismissed with prejudice, whether on procedural grounds or on the merits of the claims. *Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000); *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009); *Henderson v. Lampert*, 396 F.3d 1049 (9th Cir. 2005). A federal district court may not, "in the absence of proper authorization from the [Ninth Circuit], consider a second or successive habeas application" because it lacks jurisdiction to do so. *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) (internal quotation marks and citation omitted).

Here, Petitioner is challenging the same state criminal convictions and sentences that were the subject of his previous habeas corpus petition adjudicated to completion by Judge Lodge. That case was dismissed with prejudice. Therefore, the current Petition is a successive federal habeas corpus petition. Petitioner cannot proceed unless he first obtains authorization from the Ninth Circuit Court of Appeals. This case is subject to dismissal without prejudice for lack of jurisdiction.

## ORDER

**IT IS ORDERED:**

1. The Petition (Dkt. 1) is DISMISSED without prejudice for lack of jurisdiction.
2. The Motion for Leave to File a Second or Successive Petition (Dkt. 5) is DENIED without prejudice to being refiled in a new case if Petitioner receives authorization to proceed.



DATED: December 22, 2021

_____
Honorable Candy W. Dale
Chief U.S. Magistrate Judge

**INITIAL REVIEW ORDER - 4**